# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| ERIC SHAWN RAY, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. CIV 19-159-JHP-KEW |
| SCOTT CROW, DOC Director, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Dkt. 13). In addition, Petitioner has filed a motion for summary judgment (Dkt. 16), which generally re-urges the allegations in the petition and also concerns Respondent's motion to dismiss.

Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. At the time Petitioner filed the petition, he was a prisoner in the McCurtain County Jail in Idabel, Oklahoma, on the charges of two counts of domestic assault and battery resulting in great bodily harm in Case No. CF-2018-239. He also was being held on an out-of-state hold from Washington County, Arkansas, for Failure to Appear.

Petitioner alleges in the petition that he was unlawfully seized in Texas and removed to Oklahoma in violation of the United States Constitution, the Interstate Agreement on Extradition Act, and the Oklahoma Bill of Rights. He further claims his counsel in Texas and Oklahoma were ineffective in failing a pursue a petition for a writ

of habeas corpus. Petitioner requests release from his allegedly illegal custody and dismissal of his criminal charges.

Respondent has filed a motion to dismiss, alleging Petitioner has failed to exhaust his state remedies under 28 U.S.C. § 2254(b)(1)(A), and, alternately, there are ongoing state court proceedings. Petitioner asserts in the petition that he has appealed his claims three times in the McCurtain County District Court (Dkt. 1 at 2-3), however, he does not claim he has presented the issues to the Oklahoma Court of Criminal Appeal (OCCA).

The record shows that Petitioner's Judgment and Sentence in McCurtain County District Court Case No. CF-2018-239 was entered on June 6, 2019 (Dkt. 1 at 6). On June 11, 2019, after this habeas petition was filed, Petitioner filed a Notice of Intent to Appeal, thereby initiating the direct appeal of his conviction to the OCCA in Case No. F-2019-437 (Dkt. 1 at 6, Dkt. 2 at 1). The appeal alleges three grounds for relief: (1) the trial court erroneously denied Petitioner a competency evaluation; (2) Petitioner was denied effective trial counsel by failing to investigate and address his competency and his allegedly improper extradition from Texas, and by failure to communicate and prepare Petitioner for trial; and (3) Petitioner's sentence is excessive. According to the Oklahoma State Courts Network at http://www.oscn.net, the appeal in Case No. F-2019-437 still is pending.[1]

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).

To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Here, the Court finds Petitioner clearly has not exhausted the state court remedies for any of his grounds for habeas corpus relief, and he has not shown good cause for his failure to exhaust the claims before commencing this action.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 13) is GRANTED, this action is DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability. Petitioner's motion for summary judgment (Dkt. 16) is DENIED as moot.

**IT IS SO ORDERED** this 7th day of February 2020.

James H. Payne
United States District Judge
Eastern District of Oklahoma